FINKELSTEIN *v.* MICHIGAN RAILWAY CO.

1. DAMAGES—PERSONAL INJURIES—CARRIERS—EVIDENCE—INSTRUC-
   TIONS.

   In an action against a railroad company to recover damages
   for personal injuries due to a collision of one of its cars
   with another car in which plaintiff was seated, where
   plaintiff contended that he sustained serious injury to
   both of his eyes, and particularly his left one, and there
   was evidence tending to show that plaintiff might lose
   both his eyes, a charge that in order to entitle plaintiff
   to recover for any apprehended injuries to his left eye it
   must appear reasonably certain that such injuries would
   result and that there could be no recovery for future loss
   of the right eye because of failure to make claim there-
   for in the declaration, was as favorable to defendant as
   he was entitled to, in view of plaintiff's contention.

2. SAME.

   The evidence of injury to defendant's left eye was suffi-
   cient to warrant the submission to the jury of the ques-
   tion of future damage resulting from the injury to the eye.

Error to Allegan; Cross, J. Submitted April 12,
1917. (Docket No. 62:) Decided July 26, 1917.

Case by Samuel W. Finkelstein against the Michigan
Railway Company for personal injuries. Judgment
for plaintiff. Defendant brings error. Affirmed.

*George W. Mechem* and *Wilkes & Stone,* for ap-
pellant.

*Clare E. Hoffman,* for appellee.

The defendant operates an electric railroad from
Grand Rapids to Kalamazoo with a branch connecting
with Allegan. On May 21, 1915, the plaintiff, a junk
dealer living in Allegan, purchased a ticket and took

passage on defendant's car at Allegan for Kalamazoo. Near Kalamazoo the car in which plaintiff was traveling was placed on a side track, and while waiting there was run into by another car of the defendant's traveling at a high rate of speed. It was not disputed by the defendant that the accident was due to the negligence of defendant's servants. For the injuries thus received plaintiff brought suit, and the only questions in the case are the extent of plaintiff's injuries and the amount of the damages. The plaintiff claimed that he had sustained serious and permanent injury to his right foot and to both his eyes, particularly to the left one, and to his spine and nervous system, as a result of which the condition of his general health had become depleted, he had lost his appetite and weight, and that he was unable to do the work that he formerly could. It appeared upon the trial that in the fall of the year 1914 plaintiff had fallen from his wagon, the wheels of which had run over him, and that he was injured so as to be confined to his bed for about a week. It further appeared that several years prior he had received a scratch upon his left eyeball which had somewhat impaired the sight of that eye.

A verdict for $1,500 in favor of the plaintiff was rendered, but was set aside by the trial court on motion of the defendant, and a second trial was had, which resulted in a verdict for the plaintiff in the sum of $3,425. The jury further found, in answer to a special question submitted to them, that the plaintiff's foot was not defective prior to the accident. The case is here by writ of error.

Kuhn, C. J. (*after stating the facts*). In this case the negligence of the defendant is admitted. No question is raised as to contributory negligence on the part of the plaintiff. That the plaintiff was in the accident and suffered injuries is also unquestioned. There

is no assignment of error which raises a question as to the verdict being excessive. It is stated in the brief of counsel for the defendant:

"The errors relied upon by the defendant for a reversal of the judgment, in the admission of evidence, and the charge of the court, for the most part arise out of the admission of evidence as to the injuries to the eyes and foot of plaintiff and his right to damages for past and future loss growing out of such injuries."

The plaintiff testified that his right eye was good before the accident, but that his vision in this eye was impaired after the accident. Dr. Robinson, a medical witness for the plaintiff, testified that from the condition that he found the eyes in it might happen that plaintiff would lose them both. With reference to these claims, the trial judge in part charged the jury as follows:

"You are further instructed that, in order to entitle the plaintiff to recover for any apprehended future injuries to the left eye, there must be a degree of probability amounting to a reasonable degree of certainty, that such injury will result, and that it was caused by the accident in May.

"It is admitted by the plaintiff that his left eye was defective before this accident, and he says that there was a growth over that eye that affected the sight. Unless the jury find by a preponderance of the evidence that any subsequent trouble with this eye was caused by the accident in May, plaintiff cannot recover any damages for any change in the condition of this eye; that is, if the eye is more defective now than it was before the accident. But if the trouble with the eye is the result of prior injury or prior disease of the eye, then the jury could not award any damages to plaintiff for any impairment of the sight, or injury to this eye, unless they find to a reasonable certainty that this present condition of the eye was caused from the accident, and the jury would have no right to speculate on this question. They must find it, if they find for the plaintiff, from the evidence in the case, testified to by the witnesses.

"The jury are instructed that they would have no right to award any damages to Mr. Finkelstein on the theory that he may hereafter lose his right eye, there being no such claim for damages made in the plaintiff's declaration."

We are of the opinion that this charge was as favorable to the defendant as it was entitled to in view of the plaintiff's claims. The trial judge removed from the consideration of the jury the right of plaintiff to recover for the possible loss of the right eye.

It is strongly urged that the testimony of Dr. Robinson as to the injuries to the eyes was not specific and definite enough to bring it within the rule announced in the case of *Brininstool* v. *Railways Co.*, 157 Mich. 180 (121 N. W. 731), in that the testimony did not show "* * * such a degree of probability of such (future) consequences as to amount to reasonable certainty that they will result from the original injury." A part of the testimony which it is claimed is purely conjectural and a guess was brought out on cross-examination. A reading of the charge shows that the trial judge had the rule of the *Brininstool* and kindred cases in mind, as he stated:

"The jury cannot allow for any future damages except such as are reasonably certain to occur as a result of the injuries complained of. No damage can be included for consequences merely because they possibly may occur, nor based on speculation and conjecture; but all future damages must be based on reasonable certainty."

In other parts of the charge the same instruction is given in different language. We are of the opinion there was enough evidence of injury to the left eye to warrant the submission of this injury to the jury under the instructions above set forth, which we deem proper.

We have examined defendant's other assignments of error, but find them without merit. A reading of this

record discloses that the plaintiff and his witnesses testified to severe and permanent injuries received through defendant's negligence. The jury, after hearing the disputed questions of fact as to the injuries, found for the plaintiff. We are unable to find reversible error, and therefore affirm the judgment.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.